# RECORD NOS. 16-1346(L); 16-1347

In The

# United States Court Of Appeals

## For The Fourth Circuit

**LVNV FUNDING, LLC, it successors and assigns as assignee of CitiFinancial, Inc.,**

*Creditor – Appellant,*

v.

**DERRICK ALLEN HARLING; TERESA STEVENS HARLING,**

*Debtors – Appellees,*

v.

**PAMELA SIMMONS-BEASLEY; JOY S. GOODWIN; U. S. TRUSTEE'S OFFICE,**

*Trustees.*

_____

**LVNV FUNDING, LLC, its successors and assists as assignee of Citibank (South Dakota), N.A.,**

*Creditor – Appellant,*

v.

**JEFFREY JEREL RHODES, a/k/a Jeff Rhodes, a/k/a Jeffery Jerel Rhodes,**

*Debtor – Appellee,*

v.

**GRETCHEN D. HOLLAND; U. S. TRUSTEE'S OFFICE,**

*Trustees.*

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT COLUMBIA**

_____

# BRIEF OF APPELLEES

_____

**Jane H. Downey**
**MOORE TAYLOR LAW FIRM, P.A.**
**1700 Sunset Blvd.**
**West Columbia, SC 29169**
**(803) 929-0030**

*Counsel for Appellees*
  *Derrick Allen Harling; Teresa Stevens Harling*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __16-1346__          Caption: __LVNV Funding, LLC v. Derrick Allen Harling, et. al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Derrick Allen Harling and Teresa Stevens Harling__
(name of party/amicus)

_____

 who is _____appellees_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.      Does party/amicus have any parent corporations?                      ☐YES ☑NO
        If yes, identify all parent corporations, including all generations of parent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                  ☐YES ☑NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
If yes, identify any trustee and the members of any creditors' committee:

Trustee:
Pamela Simmons-Beasley
1813 Laurel Street
Columbia SC 29201

Signature: _/S/ Jane H. Downey_____    Date: ___4/13/2016___

Counsel for: _Derrick and Teresa Harling_____

## CERTIFICATE OF SERVICE
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I certify that on ___April 13, 2016___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_/s/Jane H. Downey_____                    ___4/13/2016___
(signature)                                              (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES .............................................................................iii

STATEMENT OF INTEREST .........................................................................1

SUMMARY OF ARGUMENT .........................................................................2

ARGUMENT ....................................................................................................3

     I.     INTRODUCTION ............................................................................3

     II.    THE CONFIRMATION ORDER DID NOT ADJUDICATE
           DEBTOR'S OBJECTION TO THE CLAIM BECAUSE IT
           EXPRESSLY PROVIDED OBJECTION COULD BE FILED
           POST-CONFIRMATION ...............................................................6

           A.     THE SOUTH CAROLINA PLAN SPECIFICALLY
                    AND DELIBERATELY RESERVED THE RIGHT TO
                    OBJECT TO CLAIMS POST-CONFIRMATION .......................6

           B.     THE COVERT PLAN DID NOT CONTAIN THE
                    RESERVATION ...................................................................7

           C.     LVNV IS BOUND BY THE TERMS OF THE
                    CONFIRMED PLAN ...........................................................7

     III.   RES JUDICATA DID NOT BAR OR PRECLUDE DEBTOR'S
           OBJECTION TO CLAIM BECAUSE THE TERMS OF THE
           CONFIRMED PLAN CONTEMPLATED THE
           SUBSEQUENT OBJECTION, SIMILAR TO A PERMISSIVE
           COUNTERCLAIM ..........................................................................8

           A.     CONDITIONS REQUIRED FOR RES JUDICATA
                    ARE ABSENT IN THIS CASE .........................................8

           B.     FILING THE OBJECTION WAS PERMISSIVE ......................9

IV.    THE LANGUAGE IN THE SOUTH CAROLINA FORM
       PLAN IS SUFFICIENTLY SPECIFIC TO RESERVE THE
       DEBTORS' RIGHT TO OBJECT POST-CONFIRMATION............10

       A.    THE BANKRUPTCY CODE DOES NOT SET A BAR
             DATE TO OBJECT TO CLAIMS..................................................10

       B.    THE LANGUAGE OF THE CONFIRMED PLAN
             RESERVED THE DEBTORS' RIGHT TO OBJECT TO
             THE APPELLANT'S PROOF OF CLAIM POST-
             CONFIRMATION ...........................................................11

       C.    THE PLAN LANGUAGE IMPLICITLY CARVES OUT
             THE DEBTORS' RIGHT TO OBJECT TO THE
             CLAIM OF LVNV............................................................12

       D.    FILING OBJECTIONS TO CLAIMS IS EXPENSIVE
             FOR DEBTORS SO THEY LUMP OBJECTIONS AND
             FILE THEM AT ONCE AFTER THE BAR DATE TO
             FILE CLAIMS HAS PASSED..........................................12

       E.    RULING IN FAVOR OF LVNV PREJUDICES
             CREDITORS IN FUTURE CASES..................................14

       F.    THE RESERVATION OF RIGHTS WAS NO VAGUE
             RESERVATION OF RIGHTS BUT RATHER PUT
             LVNV ON NOTICE ITS CLAIM WAS SUBJECT TO
             OBJECTION ...................................................................15

       G.    THE STATUTE OF LIMITATIONS BARRED THE
             CLAIM OF LVNV AND CREDITORS SHOULD NOT
             BE ABLE TO RESURRECT TIME-BARRED CLAIMS .........16

       H.    LVNV SHOULD NOT HAVE HAD RESURGENT
             FILE ITS CLAIM AS DOING SO VIOLATED THE
             FAIR DEBT COLLECTION PRACTICES ACT.....................17

CONCLUSION ......................................................................................19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page:**

**Cases:**

*Covert v. LVNV Funding, LLC,*
    779 F.3d 242 (4th Cir. 2015) ............................................................. 7, 18

*Crawford v. LVNV Funding, LLC,*
    758 F.3d 1254 (11th Cir. 2014) ...............................................................17

*First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough*
*(In re Varat Enters., Inc.),*
    81 F.3d 1310 (4th Cir. 1996) ...................................................................8

*In re Haraldson,*
    Case No. 03-80333-G3-13 (Bankr. S.D. Tex. 2/11/2009)
    (Bankr. S.D. Tex., 2009) ........................................................................11

*In re Porter,*
    382 B.R. 29 (Bankr. D. Vermont 2008) ...................................................15

*In re Simmons,*
    765 F.2d 547 (5th Cir. 1985) ..................................................................11

*Johnson v. Midland Funding,*
    2016 WL 2996372, 62 Bankr. Ct. Dec. 169 (11th Cir. 2016) ........................ 17, 18

*Russo-Chestnut v. Wells Fargo (In re Russo-Chestnut),*
    522 B.R. 148 (Bankr. D.S.C. 2014) .........................................................9

*Young-Henderson v. Spartanburg Area Mental Health Center,*
    945 F.2d 770 (4th Cir. 1991) ...................................................................8

**Statutes:**

11 U.S.C. § 1302(b)(1) ....................................................................... 17, 18

11 U.S.C. § 1325(a) ...............................................................................4

11 U.S.C. § 1327(a) ................................................................................8

15 U.S.C. § 1692(e) (1977) ("Fair Debt Collections Practices Act") ...................... 17, 18

**State Statute:**

S.C. Code Ann. § 15-3-530(1) (2016) ............................................................ 4, 16

**Rules:**

Fed. R. Bankr. P. 3002 ..........................................................................13

Fed. R. Bankr. P. 3002(a) ........................................................................5

Fed. R. Bankr. P. 3002(c) ........................................................................5

Fed. R. Bankr. P. 3007 ..........................................................................12

Fed. R. Bankr. P. 3007(a) .......................................................................10

Fed. R. Bankr. P. 3015(b) ........................................................................7

Fed. R. Bankr. P. 3015(f) .........................................................................7

**Other Authority:**

Order Sustaining Objection to Claim,
*In re: Derrick Allen Harling and Teresa Stevens Harling,*
        No. 15-03369-DD (Bankr. D.S.C. Nov. 24, 2015) ...........................................*passim*

## STATEMENT OF INTEREST

Derrick Allen Harling and Teresa Stevens Harling are the debtors in bankruptcy case 15-03369-dd, pending in the United States Bankruptcy Court for the District of South Carolina.  They file this brief as the appellees in this direct appeal from the bankruptcy court.

## SUMMARY OF ARGUMENT

Mr. and Mrs. Harling filed a chapter 13 bankruptcy case, and thus are called the bankruptcy debtors. As part of the chapter 13 bankruptcy process, the bankruptcy court required the Harlings to file a plan of reorganization, setting forth the payout to creditors. The Harlings used the South Carolina form plan, which references secured creditors by name, but unsecured creditors, such as the appellant, LVNV Funding, LLC ("LVNV") are not specifically named. Instead, the plan addresses unsecured creditors as a group. The plan notices creditors of a deadline to object to the plan terms, after which they are bound by the terms of the confirmed plan. The Harlings timely served the plan upon LVNV, and LVNV failed to object to the terms of the plan, which therafter, the court approved in a process called confirmation.

Once the court confirms the plan, the trustee begins paying creditors who have filed allowed claims. Unsecured creditors such as LVNV have a specified time to file their claims, after which the claim is time barred. A reason a claim might be disallowed is the claim is stale or documentation is not attached. Only those creditors timely filing allowed claims receive payment from the bankruptcy trustee, who collects money from the debtors each month and disburses the money to creditors according to the debtors' confirmed plan of reorganization.

LVNV through its collection agent, Resurgent Capital Services ("Resurgent") filed a timely claim, asserting the Harlings owed money to it at the time the bankruptcy case was filed. The Harlings did not list the debt on their bankruptcy

schedules as being owed and the claim of LVNV did not present proof the debt was owed other than its own summary. LVNV concedes the claim was objectionable based on the age of the debt and would have been disallowed had the Harlings filed the objection prior to confirmation. The Harlings contend they had no deadline to object to the claim. Further, Resurgent never should have filed an outdated claim, and doing so violates the Fair Debt Collections Practices Act.

## ARGUMENT

### I.    Introduction

On June 26, 2015, Harlings filed a voluntary bankruptcy petition under Chapter 13 of the bankruptcy code in the District of South Carolina.[1] Along with filing the case, they filed bankruptcy schedules listing creditors, but the schedules did not list a debt to LVNV. The Harlings also filed a plan of reorganization indicating the payout to secured creditors. The South Carolina form plan does not itemize treatment to unsecured creditors by name, and therefore, LVNV was not specifically named in the plan but instead its claim would have been treated in the classification of unsecured creditors. On July 8, 2015, LVNV through its collection agency Resurgence Capital Agency ("Resurgence"), filed its unsecured claim on behalf of a debt it had purchased from another creditor in the amount of $3,878.86[2] and indicated in the claim that the last payment on the debt was more than three years earlier, in October of 2005. Thus

---

[1] Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 1 (Bankr. D.S.C. Nov. 24, 2015).
[2] *Id.* at 2.

by law, the statute of limitations to sue on the debt or for a collection agency to collect the debt had passed.[3]

On August 10, 2015, the Harlings amended the plan to settle an issue with a secured creditor.[4]  On August 20, 2015, the court confirmed the plan,[5] meaning the bankruptcy court approved the terms of the plan.[6]  The terms of the plan relative to this appeal are as follows:

> **IV. PLAN DISTRIBUTION TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court… If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee … shall make payments as follows…
>
> E.    <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims.[7] …
>
> **V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** …Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

---

[3] S.C. Code Ann. § 15-3-530(1).

[4] Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 1.

[5] *Id.*

[6] 11 U.S.C. § 1325(a).

[7] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 1-2.

The Harlings contend the key to this appeal is the language in the South Carolina form plan that states, "Confirmation of this plan does not bar a party in interest from objecting to a claim," indicating claims objections can be filed post-confirmation.

Rule 3002(c), Fed. R. Bankr. P. sets a deadline to file a claim as being 90 days after the first date set for the meeting of creditors,[8] which in this case occurred on July 27, 2015, resulting in October 26, 2015, as the deadline for creditors to file claims. Fed. R. Bankr. P. Rule 3002(a) provides: "(a) NECESSITY FOR FILING. An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005."[9] Because LVNV filed its claim on July 8, 2015, before the October 26, 2015 deadline, LVNV filed a timely claim.

LVNV contends the Harlings only had until the confirmation hearing to file an objection to the claim of LVNV, and had they done so, the claim would be disallowed as being barred by the statute of limitations. The Harlings submit they filed a timely objection even though filed after confirmation. The plan provided for the possibility of an objection to claim.

---

[8] Bankr. D.S.C. R. 3002(c).
[9] Bankr. D.S.C. R. 3002(a).

## II.    The Confirmation Order Did Not Adjudicate Debtor's Objection to the Claim Because it Expressly Provided Objections Could be Filed Post-Confirmation.

### A.    The South Carolina Plan Specifically and Deliberately Reserved the Right to Object to Claims Post-Confirmation.

The relevant paragraph of the South Carolina form plan, which was the

language used in the confirmed plan in this case states as follows:

> **IV. PLAN DISTRIBUTION TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court… If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee … shall make payments as follows…
>
> > E.    <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims.[10] …
>
> **V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** …Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Because the bankruptcy court confirmed a plan reserving the right for future

objections to claims, LVNV had notice the Harlings had the right to file a timely

objection to the time-barred claim of LVNV, and if LVNV disagreed, its remedy was

---

[10] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 1-2.

to object to the plan prior to confirmation. Judge Duncan indicated in his decision currently on appeal that the inclusion of the reservation was no accident, but instead it deliberately contemplated resolution of claims post-confirmation.[11] To rule otherwise would change the Chapter 13 administration in the District of South Carolina,[12] he stated, delaying the timing of the payout to other creditors insofar as the Trustee would have to ensure all necessary claims filed prior to confirmation were objected to prior to confirmation, which could postpone confirmation and thus the timing of the payout to creditors because creditors are not paid until after confirmation.

### B.    The Covert Plan did not Contain the Reservation.

LVNV contends the South Carolina bankruptcy court should have followed the decision in *Covert v. LVNV Funding LLC*.[13] That plan did not contain the reservation. Therefore, that case is not controlling to the facts of the instant case.

### C.    LVNV is Bound by the Terms of the Confirmed Plan.

As part of the confirmation process, the debtor files and serves a plan of reorganization within the time period established by the bankruptcy rules.[14] Rule 3015(f) requires the creditor to object to the plan within a specified period.[15] In the event the creditor fails to object and the plan is confirmed, the creditor nevertheless is

---

[11] *Id.* at 9.

[12] *Id.* at 10.

[13] *See Covert v. LVNV Funding, LLC*, 779 F.3d 242 (4th Cir. 2015).

[14] Bankr. D.S.C. R. 3015(b).

[15] Bankr. D.S.C. R. 3015(f).

bound by the terms of the confirmed plan.[16]  This plan provided for a reservation of

time to object to the claim post-confirmation. Had this been objectionable, LVNV

was required to object to the plan prior to confirmation.  Because it failed to object to

the plan pre-confirmation, LVNV is bound by the terms of the confirmed plan, a plan

which expressly reserved future objections to claims, including the claim of LVNV.

## III. Res Judicata did not Bar or Preclude Debtor's Objection to Claim Because the Terms of the Confirmed Plan Contemplated the Subsequent Objection, Similar to a Permissive Counterclaim.

### A. Conditions Required for Res Judicata are Absent in this Case.

Res Judicata requires the finding of three conditions:

(1)    The prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process;

(2)    The parties are identical, or in privity, in the two actions; and,

(3)    The claims in the second matter are based upon the same cause of action involved in the earlier proceeding.[17]

Judge Duncan held the first two conditions were satisfied[18] and correctly found the

third condition was not met.  He indicated, "parties may agree to modify the

preclusive effect of a final order by explicitly or implicitly reserving the right to later

adjudicate an issue that could have been resolved."[19]   Judge Duncan held, "In

---

[16] 11 U.S.C. § 1327(a).

[17] *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1314-15 (4th Cir. 1996).

[18] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 4-5.

[19] *Id.*, at 5 (citing *Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 773-4 (4th Cir. 1991)).

bankruptcy cases, when a bankruptcy order has a confirmed plan, and the plan contains an express reservation of rights, that reservation may preserve the right of a party to later litigate an issue."[20]  The plan at issue, in contrast to other districts' form plans, provided, "Confirmation of this plan does not bar a party in interest from objecting to a claim…Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor"[21]  In this case the reservation of rights eliminates the third element necessary for a finding of *res judicata*.

### B.    Filing the Objection was Permissive.

The Harlings submit the situation is analogous to a permissive counterclaim. They contend the claim does not arise from the same transaction or occurrence as the plan.  The plan provided treatment to unsecured creditors as a class.  It did not specify which exact creditors would be paid a certain sum, naming them in the way it did for secured creditors whose claims were to be valued.  Therefore, a subsequent process, the claims objection process was contemplated within the plan as being the next step to resolving the exact amount of money to be paid to each unsecured creditor without naming all those many creditors within the plan.  To do otherwise would cause the plan to become too lengthy.  To cause objections to be filed prior to

---

[20] Bankruptcy Order, p. 5 (citing "*Russo-Chestnut v. Wells Fargo* (*In re Russo-Chestnut*), 522 B.R. 148, 158 (Bankr. D.S.C. 2014)).

[21] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 1-2.

confirmation would delay the administration of the claims payout process for other creditors holding allowed claims.

## IV. The Language in the South Carolina Form Plan is Sufficiently Specific to Reserve the Debtors' Right to Object Post-confirmation.

Judge Duncan correctly held the reservation to object to claims specifically provided for in the South Carolina form plan, as recited on pages 1 and 2 of his order, was sufficiently specific insofar as it is "narrow, makes practical sense, and promotes efficient chapter 13 case administration.[22]" Judge Duncan noted the provision was specific to a category of rights, the bankruptcy claims objection process as it pertains to unsecured creditor. Not only did the form plan in paragraph IV specifically carve out the express right of the debtor to later object to a claim, in a second place in paragraph V, the plan put creditors on notice other litigation could follow confirmation. The plan did not provide a deadline to file those claims.

### A. The Bankruptcy Code does not Set a Bar Date to Object to Claims.

Bankruptcy Rule 3007(a) governs objections to claims.[23] While the rule requires the objection to be in writing and filed, the rule does not set a bar date to file objections to claims, and thus the reservation exists not just by the wording of the form plan but also by the rules.[24] Courts have agreed debtors do not have a bar date

---

[22] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 8.
[23] *See* Bankr. D.S.C. R. 3007(a).
[24] *See Id.*

to file objections to claims.[25] Language in the South Carolina plan contemplated the Harlings could file an objection post-confirmation. As expediously as they filed it, only one week post-confirmation[26], there was no prejudice to LVNV or other creditors, as the Trustee had not even begun payout to creditors and the timing of the objection did not adversely affect the Trustee's payout. Typically, unsecured creditors are the last to be paid, with secured and administrative claims being paid first. Thus, unsecured creditors may not be paid for years after the bankruptcy case is filed. If an objection ton an unsecured claim is filed and adjudicated within a year or two of confirmation for example, it would not affect the administration of the estate because the trustee typically would not have begun paying unsecured creditors.

**B.    The Language of the Confirmed Plan Reserved the Debtors' Right to Object to the Appellant's Proof of Claim Post-Confirmation.**

The Plan in Section IV goes on to provide, "Confirmation of this plan does not bar a party in interest from objecting to a claim" and finishes in E, addressing general unsecured creditors such as LVNV that only allowed unsecured claims shall be paid. The allowance of claims is separate from the confirmation process. The express provisions in the confirmed plan that implicitly applied to LVNV that an objection to

---

[25] *See In re Simmons*, 765 F.2d 547 (5th Cir. 1985*); see also In re Haraldson*, Case No. 03-80333-G3-13 (Bankr. S.D. Tex. 2/11/2009) (Bankr. S.D. Tex., 2009).

[26] According to the bankruptcy court docket, the court confirmed the plan August 20, 2015, the deadline to file a claim was August 26, 2015 and Debtors filed the objection to the claim of LVNV on August 27, 2015.

its claim could be forthcoming put LVNV on notice an objection to claim could follow confirmation.

### C. The Plan Language Implicitly Carved out the Debtors' Right to Object to the Claim of LVNV.

The Plan language addressing unsecured creditors specifically provides in Section IV, that "[t]o receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court." The Harlings objected to the claim of LVNV on the grounds there was insufficient supporting documentation.  LVNV never corrected this deficiency.  LVNV had notice by the language of the plan that without adequate documentation attached to the claim, the claim would not be paid.

### D. Filing Objections to Claims is Expensive for Debtors so they Often Lump Objections and File them at Once After the Bar Date to File Claims Has Passed.

Chapter 13 debtors file bankruptcy in an effort to reorganize their debts. Typically, attorney's fees are paid in the most part by the trustee over time as the trustee pays other creditors. The amount of attorney's fees have to be budgeted into the plan payment or the plan payment will not work.  Typically, debtors cannot afford to increase the plan payment to cover additional attorney's fees that may arise in the case for the reason they already have allocated all of their disposable income to their plan payment.  Pursuant to Fed. R. Bankr. P. 3007, each time the debtor objects to a claim, the debtor must file a document in writing and serve the creditor by mail at

least 30 days prior to the hearing. To conserve costs, frequently, debtors will wait until the bar date set forth in Fed. R. Bankr. P. 3002[27] has passed and then file one pleading encompassing all objectionable claims of all creditors, setting forth the reason for each objection, rather than paying an attorney to file each objection separately and to attend multiple hearings on various dates. Such occurred in this case. In this case, the claim of LVNV was $3,878.86. This case as are many, is a 1% payout case, and most plans last 60 months. This case is a 1.9% payout over 60 months, meaning if LVNV's claim were allowed, it would receive a total of $73.70 over 5 years. Filing an objection costs the debtor more than $73.70 in attorney's fees and costs, so in some cases, due to the cost benefit analysis of filing an objection the debtor would forgo filing the objection. Here, as in many cases, in an effort to conserve cost to the debtors, attorneys commonly charge for one objection and in that pleading cover all of the objections to be filed. In this case, the Harlings, who have a very tight budget, waited until the bar date passed and then immediately had their attorney file only one objection that addressed all objectionable creditor's claims, thereby saving them legal fees. This made sense because the bankruptcy code and rules sets a deadline for creditors to file claims but does not set a deadline for debtors to object to claims.

---

[27] *See* Bankr. D.S.C. R. 3002.

### E.    Ruling in Favor of LVNV Prejudices Creditors in Future Cases.

Often creditors listed in a debtor's bankruptcy have not been receiving payments because Chapter 13 debtors have been delinquent in paying their bills. A Chapter 13 trustee attempts to provide secured creditors with payments as quickly as possible after the bankruptcy filing, thereby offering creditors with adequate protection payments in lieu of repossession. Unsecured creditors often wait in line to be paid, receiving payment only after secured and priority claims are paid. Trustees' resources are limited. Removing the reservation will change the administration of Chapter 13 cases in South Carolina. Specifically, instead of confirming cases expediently, trustees will need to ensure all necessary claims objections have been filed. If the trustee cannot process those claims objections before the first date set for confirmation, the trustee may seek to postpone the confirmation hearing, effectively delaying the payout to creditors. In this instance, the Harlings will be paying the same pot of money to the trustee regardless of who wins the appeal. The trustee will be distributing the money justly to those who deserve to be paid, not to those who have stale claims and receive payment by a windfall, in this case a creditor who has failed to substantiate a debt due given the debt is time barred, no documentation is attached to the claim to substantiate the debt and the Harlings did not schedule the debt as being due or included in the plan for payout.

14

**F.    The Reservation of Rights was no Vague Reservation of Rights but Rather put LVNV on Notice its Claim was Subject to Objection.**

In his Order, Judge Duncan discussed numerous cases rejecting the reservation of rights as "overly general,"[28] and also stated "there is not a 'general rule that naming each defendant or stating the factual basis for each cause of action are the only ways to preserve a cause of action at confirmation.'"[29] Furthermore Judge Duncan established "[c]ases finding reservations of rights clauses unenforceable generally turn on a vague reservation clause and specific claims treatment, untimely action, and/or reservation of rights clause that is inapplicable to the cause of action."[30] The Harlings' reservation provision is not vague, but rather specific to the bankruptcy claims objection process.[31] Unlike *In re Porter*, which held

> "that language preserving a myriad of pre- and post-confirmation causes of action, including federal and state law consumer protection violations that 'could or might' be asserted, was 'inappropriate to include in a Chapter 13 plan' because it undermined the res judicata effect of the confirmation order."[32]

Therefore, the specific reservation provision is "more narrow, makes practical sense, and promotes efficient chapter 13 case administration."[33]

---

[28] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 7.
[29] *Id.*
[30] *Id.*, at 6.
[31] *See Id.*, at 8
[32] *Id.* (citing *In re Porter*, 382 B.R. 29, 36 (Bankr. D. Vermont 2008)).
[33] *See* Order Sustaining Objection to Claim, *In re: Derrick Allen Harling and Teresa Stevens Harling*, No. 15-03369-DD, at 8.

### G.    The Statute of Limitations Barred the Claim of LVNV and Creditors Should not be able to Resurrect Time-Barred Claims.

In South Carolina, the statute of limitations is three years for contract actions[34]. The nature of the claim in the instant case was a contract action. LVNV concedes it would have been barred by the statute of limitations but for the timing of the Harling's objection.[35] The Harlings submit LVNV should not get more by the timing of the objection than it would have received outside of the bankruptcy laws. To allow LVNV to participate in the case, where its debt was not scheduled and the claim stale, nor did the claim contain adequate documentation, unfairly takes money out of the pocket of other creditors whose claims were scheduled and allowed. The language barring LVNV from being paid was contained in the plan, but perhaps LVNV neglected to read the entire plan. Nevertheless, confirmation bars a creditor from objecting to the plan, even if the creditor did not notice provisions pertaining to it. LVNV has not appealed the confirmation order or filed a motion to reconsider the order based on its alleged vagueness. Essentially, instead of focusing on the objection to claim, LVNV should have filed an objection to confirmation. It knew of its contention prior to the deadline to appeal the confirmation order but did not. Therefore, it is estopped from using the claims objection process as an appeal of the plan.

---

[34] S.C. Code Ann. § 15-3-530(1).
[35] *Id.*, at 3.

**H.    LVNV should not have had Resurgent File its Claim as Doing so Violated the Fair Debt Collection Practices Act.**

Recently, in *Crawford v. LVNV Funding, LLC*, the court found LVNV violated the Fair Debt Collection Practices Act (FDCPA), by filing a proof of claim in a bankruptcy case on a debt that it knows to be time-barred.[36]  LVNV, who the court recently sanctioned for filing a time-barred claim should not be rewarded in this case because of the timing of a debtor's objection to the claim. In *Johnson v. Midland Funding*, the Court of Appeals for the Eleventh Circuit recently agreed, suggesting an unsophisticated

> Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim." Then when the debtor fails to object, the time-barred debt becomes part of the debtor's repayment plan, which would "necessarily reduce the payments to other legitimate creditors with enforceable claims.[37]

If LVNV, a creditor with a time-barred claim outside bankruptcy shares in the payments paid to the Chapter 13 trustee, other legitimate creditors get paid less than their legal share. In *Johnson*, the Court of Appeals for the 11th Circuit pointed out, "where the bankruptcy process is working as intended, a time-barred proof of claim may be filed but will not be paid by the bankruptcy estate" and explained the process in making sure time-barred claims do not get paid is for the Chapter 13 trustee to object to the claim pursuant to the duties prescribed in 11 U.S.C. § 1302(b)(1), not

---

[36] *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014) (discussing Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e)).

[37] *Johnson v. Midland Funding*, 2016 WL 2996372, 62 Bankr. Ct. Dec. 169 (11th Cir. 2016) (citing *Crawford*, 758 F.3d at 1261).

mentioning any deadline to object because there is not one.[38] To rule otherwise allows a collection agency, here Resurgent, to file a stale claim on behalf of a debt buyer, LVNV, and be paid in a bankruptcy case by a trustee for not only an objectionable time barred claim but where such filing of the claim can be subject to a FDCPA violation. Equity requires the claim not be paid in this case pursuant to the "blanket reservation of rights" in the plan putting LVNV on notice its claim, which never should have been filed, could be subject to an objection. The claim was illegally filed or procedurally invalid due to its age and lack of substantiation. *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 247 (4th Cir. 2015). Debtors did not acknowledge owing the claim as shown from its omission on their bankruptcy schedules. Confirmation should not eliminate the equitable intent of the bankruptcy code, particularly where the terms of the confirmed plan, to which LVNV did not object and was bound, informed LVNV an objection to claim could occur, that the plan was not adjudicating claims or other potential litiagion.

In *Johnson*, the court contemplated the Chapter 13 trustee would file timely objections to stale claims. If the deadline to file objections to claims filed prior to confirmation is prior to the confirmation hearing, the burden upon the trustee becomes onerous, can delay confirmation and thus postpone the payout to creditors.

---

[38] *See Johnson*, 2016 WL 2996372, 62 Bankr. Ct. Dec. 169 (citing 11 U.S.C. § 1302(b)(1)).

## CONCLUSION

For the foregoing reasons, the judgment of the United States Bankruptcy Court for the District of South Carolina should be affirmed.

Respectfully Submitted,

/s/ JANE DOWNEY
JANE H. DOWNEY
MOORE TAYLOR LAW FIRM, P.A.
1700 Sunset Blvd.
West Columbia, SC  29169
(803) 929-0030

*Counsel for Appellees*
  *Derrick Allen Harling; Teresa Stevens Harling*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

this brief contains 4,598 words, excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportional spaced typeface using
Microsoft Word in 14 point Garamond.

Dated: July 25, 2016                    /S/ JANE DOWNEY
                                        JANE H. DOWNEY

                                        *Counsel for Appellees*
                                        *Derrick Allen Harling; Teresa Stevens Harling*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the following registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA  23218